UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUAN PEDRO ORTIZ-VIVAR,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>JEH JOHNSON, et al.,<br><br>　　　　　　Respondents. | NO.  C14-944-RSL-JPD<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION

Petitioner is a native and citizen of Mexico. Dkt. 1 at 6. Through counsel, he filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a motion for preliminary injunction, seeking release from immigration detention at the Northwest Detention Center or a bond hearing. *Id.* at 11; Dkt. 2. After the Court ordered that his petition be served on respondents, petitioner filed a motion for stay of removal. Dkt. 8. Petitioner was removed before his motion for stay became ripe for the Court's consideration. *See* Dkt. 11. Respondents moved to dismiss, arguing that his habeas petition is moot. Dkt. 13. For the reasons discussed below, the Court recommends that respondents' motion to dismiss be granted and that petitioner's habeas petition and pending motions be denied as moot.

REPORT AND RECOMMENDATION - 1

# BACKGROUND

Petitioner was ordered removed from the United States in April 2003. Dkt. 13-1. In March 2013, he was arrested and detained by U.S. Immigration and Customs Enforcement ("ICE") in Mt. Vernon, Washington. *Id.* The Department of Homeland Security ("DHS") subsequently reinstated the 2003 order of removal. *Id.* After petitioner expressed a fear of return to Mexico, an asylum officer conducted an interview and found that fear to be reasonable. *Id.* Petitioner's claim was referred to an Immigration Judge ("IJ") for withholding-only proceedings. *Id.* In November 2013, an IJ denied his application for withholding of removal, and in March 2014, the Board of Immigration Appeals dismissed his appeal. *Id.* Petitioner then filed a petition for review with the Ninth Circuit and a request for stay of removal. *Id.* On June 11, 2014, the Ninth Circuit denied petitioner's request for a stay of removal. *Id.* On July 19, 2014, while this action was pending, petitioner was removed from the United States to Mexico. *Id.*

# DISCUSSION

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). Where the court can no longer grant effective relief, it lacks jurisdiction and must dismiss the case as moot. *See, e.g.*, *Cox v. McCarthy*, 829 F.2d 800, 805 (9th Cir. 1987); *Enrico's, Inc. v. Rice*, 730 F.2d 1250, 1254 (9th Cir. 1984); *Abdala v. Immigration & Naturalization Serv.*, 488 F.3d 1061, 1063-64 (9th Cir. 2007) (a petitioner's removal after filing a habeas petition does not render the petitioner's claims moot if there is some remaining 'collateral consequence' that may be redressed by success on the petition). Because petitioner has already been given the relief he requested—release from detention—his claim must be denied as moot. *See Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008) (dismissing as moot portion of habeas

petition challenging detention without bond upon grant of bond hearing).  Similarly, petitioner's motion for preliminary injunction and request for stay are moot.  *See Abdala*, 488 F.3d at 1064 (a request for a stay of removal is moot upon removal).

## CONCLUSION

For the foregoing reasons, the Court recommends that respondents' motion to dismiss, Dkt. 13, be GRANTED; petitioner's habeas petition, Dkt. 1, motion for preliminary injunction, Dkt. 2, and motion for stay, Dkt. 8, be DENIED as moot; and this action be DISMISSED without prejudice.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **September 12, 2014**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 19, 2014**.

DATED this 29th day of August, 2014.

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3